CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JEAN FUNDAKOWSKI (CABN 328796)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7014
FAX: (415) 436-7234
Email: jean.fundakowski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME VINING,<br><br>Defendant. | **CASE NOS. 13-CR-00534-CRB**<br>**26-CR-00392-CRB**<br><br>**~~[PROPOSED]~~ DETENTION ORDER** |

On March 19, 2026, Senior U.S. District Court Judge Charles Breyer signed a Petition for Warrant for Person Under Supervision, charging the defendant JEROME VINING with violating the conditions of his supervised release in Case No. 13-CR-00534 CRB and issuing an arrest warrant. The defendant was arrested on June 11, 2026. On June 18, 2026, Judge Breyer approved an amended Petition for Warrant for Person Under Supervision based on the facts of the defendant's June 11, 2026, arrest. On August 11, 2026, the United States charged the defendant by indictment for violation of 18 U.S.C. § 922(g)(1)—Felon in Possession of Ammunition, alleging that he was a convicted felon who unlawfully possessed ammunition at the time of his June 11, 2026, arrest. Case No. 26-CR-00392 CRB.

This matter came before the Court on October 15, 2026, for a detention hearing. The defendant was present and represented by Michael P. Levine. Assistant United States Attorney Jean Fundakowski

appeared for the government. The government moved for detention, and the defendant opposed, proposing that the defendant be released for drug and mental health treatment at the New Bridge Foundation in Berkeley, California.

At the hearing, counsel submitted proffers and arguments regarding detention, and the Court considered testimony from Pretrial Services and U.S. Probation, who both recommended that the defendant be detained.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the Defendant has failed to meet his burden to show by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: the defendant poses a high flight risk due to his failure to report to the Probation Office for scheduled appointments on March 6, 2026, March 10, 2026, March 12, 2026, and March 13, 2026; absconding from supervision so that U.S. Probation had no contact and did not know his location between March 6, 2026, and his arrest on June 11, 2026; and his failure to comply with court-ordered drug treatment, mental health treatment, and location monitoring. The defendant's arrest on June 11, 2026, in possession of a loaded firearm with an obliterated serial number and controlled substances while on supervised release also demonstrates he poses a threat to the safety of the community. These findings are made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 16, 2026

HONORABLE ALEX G. TSE
United States Magistrate Judge